Matter of Tucker (2019 NY Slip Op 06401)





Matter of Tucker


2019 NY Slip Op 06401


Decided on August 28, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
CHERYL E. CHAMBERS
LINDA J. CHRISTOPHER, JJ.


[*1]In the Matter of Gary Wayne Tucker, a suspended attorney. (Attorney Registration No. 2387603)



The respondent, Gary Wayne Tucker, was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 27, 1991. By decision and order on motion of this Court dated March 30, 2015, the respondent was suspended from the practice of law in the State of New York pursuant to Judiciary Law §§ 90(2) and 468-a. By order to show cause dated January 25, 2019, this Court directed the respondent to show cause why an order should not be made and entered imposing discipline upon him in this State pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by an order of the Supreme Court of Texas dated October 16, 2018, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



In a separate disciplinary proceeding commenced under Appellate Division Docket No. 2018-09902, by order to show cause dated September 18, 2018, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him in this State based on the misconduct underlying the discipline imposed by two orders of the Grievance Committee, Evidentiary Panel 6-3, State Bar of Texas, dated March 22, 2018, and May 22, 2018, respectively, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
Diana Maxfield Kearse, Brooklyn, NY (Sasha N. Holguin of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
By order dated October 16, 2018, the Supreme Court of Texas granted the respondent's motion for acceptance of resignation in lieu of discipline. We must now decide whether to impose reciprocal discipline.
In the Texas proceeding, by affidavit sworn to on August 17, 2018, the respondent submitted a motion for acceptance of resignation in lieu of discipline. In response, the State Bar of Texas moved to accept the resignation in lieu of discipline. As revealed in the response of the State Bar of Texas, the respondent was placed on active suspension from March 8, 2018, to June 7, 2018, as a result of disciplinary action in Texas. During that period, the respondent engaged in the practice of law. On March 26, 2018, the respondent filed a small claims lawsuit on behalf of Christopher J. McLucas in Dallas County, Texas. On May 30, 2018, the respondent filed a postjudgment motion on behalf of Paradise Settlements, LLC. As a result, two cases of professional misconduct were commenced against the respondent (Case Nos. 201802422 and 201803917).
By order dated October 16, 2018, the Supreme Court of Texas granted the respondent's motion for acceptance of resignation in lieu of discipline. The court determined that [*2]the professional misconduct alleged in the response of the State Bar of Texas was established conclusively, and that it was in the best interest of the public, the profession, and the respondent to accept the resignation. Accordingly, the respondent's law license was cancelled, and he was directed to surrender his law license and was prohibited from practicing law in Texas.
On February 7, 2019, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a copy of this Court's order to show cause dated January 25, 2019, directing him to show cause why an order should not be made and entered imposing reciprocal discipline. To date, the respondent has neither served a response nor requested additional time in which to do so.
Based on the foregoing, we find that reciprocal discipline is warranted based on the findings of the Supreme Court of Texas. Acceptance of the respondent's resignation and prohibition to practice law is tantamount to a disbarment. Accordingly, we conclude that a disbarment is warranted.
SCHEINKMAN, P.J., RIVERA, BALKIN, CHAMBERS and CHRISTOPHER, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Gary Wayne Tucker, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Gary Wayne Tucker, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Gary Wayne Tucker, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gary Wayne Tucker, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the disciplinary proceeding commenced under Appellate Division Docket No. 2018-09902 is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court